## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEYWUAN MELVIN, M43392, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )     Case No. 26-cv-227-MAB |
| | ) |
| C/O STEBER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Keywaun Melvin, an inmate of the Illinois Department of Corrections (IDOC) housed at Lawrence Correctional Center (Lawrence), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his rights under 42 U.S.C. § 1983. Plaintiff alleges that on December 5, 2025, Defendant Steber performed a strip search in an improper and harassing manner. On April 21, 2026, the Court ordered Plaintiff to show cause about his exhaustion efforts prior to the filing of this suit, because some of his original exhibits strongly suggested he had not properly exhausted his claims.[1] (Doc. 9). Plaintiff has filed a timely response to the Show Cause Order, and it is now discharged. (Doc. 10). However, Plaintiff's response confirms he has not properly exhausted his claims so this suit will now be dismissed as premature.

---

[1] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the Illinois Department of Corrections and Wexford and this Court.

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies.  42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008).  For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require."  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).  "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies."  *Id.* at 1024.

Although it is generally appropriate to wait for a defendant to raise an affirmative defense, the Seventh Circuit has noted that "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002).  A plaintiff can plead himself out of court, and if he includes allegations "that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Although a plaintiff need not anticipate or overcome an affirmative defense like exhaustion, if he alleges facts sufficient to establish that an affirmative defense applies, "the district court may dismiss the complaint on that ground."  *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015).

As an inmate in the IDOC, Plaintiff was required to follow the grievance process outlined in the Illinois Administrative Code.  20 ILL. ADMIN. CODE § 504.800, et seq. (2017). The Illinois Administrative Code requires an inmate to file his grievance with his

counselor within 60 days of the discovery of an incident, occurrence, or problem that gave rise to the grievance. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through the counselor, the grievance may be submitted to a grievance officer, who reports his or her findings and recommendations in writing to the Chief Administrative Officer (CAO). 20 ILL. ADMIN. CODE § 504.830(e). A grievance officer is supposed to report findings and recommendations to the CAO within two months of receipt of a grievance, when reasonably feasible. 20 ILL. ADMIN. CODE § 504.830(e). Courts have held that the passage of an aspirational grievance processing deadline does not automatically trigger a right to sue. *See e.g., Ford v. Johnson*, 362 F.3d 395, 400 (7th Cir. 2004) (finding that an inmate did not have an automatic right to sue when the Illinois Department of Corrections took more than 60 days to process his grievance).

Once a grievance officer makes a recommendation, then the CAO provides the inmate with a written decision on the grievance. *Id.* If the inmate is not satisfied with the CAO's response, he can file an appeal with the IDOC Director through the Administrative Review Board (ARB). 20 ILL. ADMIN. CODE § 504.850(a). The ARB must receive the appeal within 30 days of the date of the CAO's decision. *Id.* The inmate must attach copies of the responses from the grievance officer and CAO to his appeal. *Id.* The ARB submits a written report of its findings and recommendations to the Director, who makes a final determination. 20 ILL. ADMIN. CODE § 504.850(d), (e).

For an inmate who submits an emergency grievance, the grievance is first reviewed by the Chief Administrative Officer. 20 ILL. ADMIN. CODE § 504.840. If the CAO determines that the grievance should not be handled on an emergency grievance, then

the offender shall be notified in writing, and he must resubmit the grievance as non-emergent per the standard grievance process.  20 ILL. ADMIN. CODE § 504.840(c).

Plaintiff's original exhibits show that he submitted an emergency grievance on December 5, 2025, that was received for processing in the grievance office on December 12, 2025.  (Doc. 1 at 7).  The CAO deemed the grievance a non-emergency on December 15, 2025.  (*Id*.).  Per the Administrative Code, once the grievance was deemed a non-emergency, Plaintiff needed to re-submit the grievance for standard processing.  There is no evidence that Plaintiff re-submitted the grievance at the prison for standard processing.  Instead, he appealed directly to the ARB on or around January 20, 2026.  (Doc. 1 at 6).  The ARB returned his documents to him and informed him that he needed to complete the exhaustion process at the prison.  (*Id*.).  He was advised that he could submit a new appeal once he completed the process at the prison. There is no indication that Plaintiff followed through with these directions and completed his grievance at all levels. The Court directed Plaintiff to show cause about the efforts he took to exhaust his grievance after the ARB sent it back, but he says nothing on this issue.

Alternatively, Plaintiff argues that he submitted two grievances on December 5, 2025—one as an emergency and one as a non-emergency. (Doc. 10 at 1).  He argues that without a response to the regular grievance within 30 days, he submitted a third grievance on January 5, 2026, asking for a response to both his emergency and non-emergency grievances.  (*Id*.).  He claims that this prompted a response on January 11, 2026, to his emergency grievance, which he then appealed straight to the ARB.  (*Id*. at 2).

He also argues that because he has yet to get a response to his non-emergency grievance, he was refused the ability to pursue exhaustion.  (*Id.*).

Plaintiff's response is unavailing.  There is not any sort of 30-day timeline for the prison to respond to Plaintiff's non-emergency grievance.  The Illinois Administrative Code clearly indicates that at most, there is an aspirational 60-day processing timeline, but courts have concluded that even if that deadline is missed it does not automatically bestow a right to sue.  *See, Ford*, 362 F.3d at 400.  Furthermore, Plaintiff sought a status update within 60 days, and his query produced the return of his emergency grievance. As the Court previously explained, Plaintiff was required to re-submit this emergency grievance via the normal channels instead of going straight to the ARB, but he failed to do this even when the ARB advised him of what to do.  In sum, the Court remains convinced that Plaintiff did not adequately pursue the exhaustion process prior to filing this complaint, and thus his lawsuit must be dismissed without prejudice as premature. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (a sue first, exhaust later approach is not acceptable, and cannot be cured by an amended complaint).

## Disposition

Plaintiff's Complaint (Doc. 1) is dismissed without prejudice for his failure to exhaust his administrative remedies prior to filing this suit as required by 42 U.S.C. § 1997e(a).  The Clerk of Court shall enter judgment and **CLOSE** this case.

**IT IS SO ORDERED.**

**DATED:  May 4, 2025**

_____
**MARK A. BEATTY**
**United States Magistrate Judge**